UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAINER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> D. CHAPMAN, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | CV F- 04-5953 OWW DLB P <br><br> ORDER DISMISSING CLAIM WITH <br> LEAVE TO AMEND |

Plaintiff is a state prisoner proceeding pro per with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is the complaint, transferred to this court on February 27, 2004.

**BACKGROUND**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend

1  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
2  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

   In the instant case, plaintiff brings action against D. Chapman, A. Lopez, K. Todd, and N. Grannis of the California Correctional Institution (CCI).

   Plaintiff alleges that on April 16, 2002, he was told to report back to his housing unit and to pack all of his personal property because he was being moved to CCI Facility IVA Yard.  Plaintiff alleges he was given no reason for the transfer and he had not received any disciplinary reports warranting his removal from his work assignment nor was he seen by a Classification Committee.  Plaintiff filed an inmate appeal.  He states that the appeal was partially granted at the First and Second levels of review in that it was admitted that plaintiff had not been seen by a Classification Committee.  However, plaintiff's appeal was denied at the Director's Level.

   Plaintiff further alleges that after his transfer to Facility IVA, some of his personal property that he was authorized to have, was confiscated.  His inmate appeals were denied at all levels.

## DISCUSSION

A.   Section 1983 Claims

   The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]    . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).   In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or

omission that demonstrates a violation of plaintiff's federal rights.  In his complaint, plaintiff fails to link any of the named defendants to a specific act or omission.

B.     Plaintiff's Transfer

Plaintiff's allegations regarding his transfer to Facility IVA Yard do not give rise to a cognizable claim under section 1983.  Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  Further, prisoners have no constitutional right to a particular classification status, see Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976), and prisoners have no constitutional right to be incarcerated at a particular correctional facility.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  Prisoners also have no constitutional right to employment.  Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).  Accordingly, absent a motive that implicates constitutional concerns, plaintiff's change in custody status, which led to the loss of his job, and his transfer to a less favorable facility do not give rise to a claim for relief.  Vignolo at 1077-78 (inmate's alleged removal from his prison job in retaliation for the exercise of constitutionally protected activity may state a claim for relief).  Plaintiff has alleged no facts that indicate that a motive that would implicate constitutional concerns was behind the changes.  Accordingly, plaintiff's allegations fail to give rise to any claims for relief under section 1983.

C.     Inmate Appeals

Plaintiff's allegations regarding the denial of his inmate appeals also fail to raise constitutional claims.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez v. DeRobertis, 568 F. Supp. at 10;

1  Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing prisoner's
2  administrative appeal cannot serve as the basis for liability under a § 1983 action.  Buckley, 997 F.2d
3  at 495.  Defendants' actions in responding to plaintiff's appeal, alone, cannot give rise to any claims
4  for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that
5  defendants violated his rights under federal law.  Accordingly, plaintiff fails to state any claims upon
6  which relief may be granted under section 1983.

D.   Supervisory Defendants

While it is unclear from the allegations, some of the named defendants appear to hold supervisory positions.  Plaintiff is advised that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "'so deficient that the policy itself "is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**CONCLUSION**

For the reasons discussed, the court finds that plaintiff's allegations do not give rise to any claims for relief against the named defendants.  The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;

2. The Clerk of Court is directed to send plaintiff a section 1983 complaint form for use by pro se prisoners;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action for failure to state a claim and failure to comply with the court's order.

IT IS SO ORDERED.

Dated: May 19, 2006            /s/ Dennis L. Beck
3b142a                         UNITED STATES MAGISTRATE JUDGE