IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM RAINER | ) | 1:04-cv-05343-OWW-DLB-P |
| | ) | |
| Plaintiff, | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **RE DISMISSAL OF ACTION FOR** |
| vs. | ) | **FAILURE TO OBEY A COURT ORDER** |
| | ) | **AND FAILURE TO STATE A CLAIM** |
| D. CHAPMAN, et.al, | ) | **UPON WHICH RELIEF MAY BE** |
| | ) | **GRANTED** |
| | ) | |
| Defendants. | ) | (Doc. 11) |
| | ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

By order filed May 22, 2006, the court found that plaintiff's complaint failed to state any claims for relief against the named defendants.  The court dismissed plaintiff's complaint and ordered plaintiff to file an amended complaint within thirty (30) days from the date of service of that order.  More than thirty days have passed and plaintiff has not filed an amended complaint or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

1

sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  <u>See</u>, <u>e.g.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>, 46 F.3d at 53.

2

1    In the instant case, the court finds that the public's

2   interest in expeditiously resolving this litigation and the court's

3   interest in managing the docket weigh in favor of dismissal.  The

4   third factor, risk of prejudice to defendants, also weighs in favor

5   of dismissal, since a presumption of injury arises from the

6   occurrence of unreasonable delay in prosecuting an action.

7   Anderson v. Air West, 542 F.2d 522, 524 (9ᵗʰ Cir. 1976).  The fourth

8   factor -- public policy favoring disposition of cases on their

9   merits -- is greatly outweighed by the factors in favor of

10  dismissal discussed herein.  Finally, a court's warning to a party

11  that his failure to obey the court's order will result in dismissal

12  satisfies the "consideration of alternatives" requirement.  Ferdik

13  v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

14  779 F.2d at 1424.  The court's order of June 12, 2006, requiring

15  plaintiff to file an amended complaint, expressly stated:

16  "...failure to file an amended complaint in accordance with this

17  order will result in dismissal of this action for failure to state

18  a claim and failure to comply with the court's order."  Thus,

19  plaintiff had adequate warning that dismissal would result from

20  non-compliance with the court's order.

21    Accordingly, it is HEREBY RECOMMENDED that this action be

22  DISMISSED for plaintiff's failure to obey the court's order of May

23  22, 2006, and for the reasons set forth therein, namely, for

24  failure to state a claim upon which relief may be granted.

25    These Findings and Recommendations are submitted to the United

26  States District Judge assigned to the case, pursuant to the

27  provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**

28  after being served with these Findings and Recommendations,

1  plaintiff may file written objections with the court.  Such a

2  document should be captioned "Objections to Magistrate Judge's

3  Findings and Recommendations."  Plaintiff is advised that failure

4  to file objections within the specified time may waive the right to

5  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

6  (9th Cir. 1991).

7       IT IS SO ORDERED.

8       **Dated:   August 17, 2006**            **/s/ Dennis L. Beck**
   3c0hj8                                 UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28