IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAINER, ) <br> ) <br> ) <br>           Plaintiff, ) <br> ) <br>      vs. ) <br> ) <br> ) <br> D. CHAPMAN, et al., ) <br> ) <br>           Defendant. ) <br> ) <br> ) | No. CV-F-04-5343 OWW/DLB P <br> <br> ORDER VACATING JUDGMENT <br> PURSUANT TO NINTH CIRCUIT <br> REMAND AND DIRECTING CLERK <br> OF COURT TO RE-SERVE <br> PLAINTIFF WITH MAY 22, 2006 <br> ORDER |

By Order filed on May 22, 2006 (May 22 Order), United States Magistrate Judge Dennis Beck dismissed Plaintiff's Complaint with leave to amend. Plaintiff was ordered to file an Amended Complaint within 30 days of service of the May 22 Order. The May 22 Order was served on Plaintiff at the address listed on his Notice of Change of Address filed on July 20, 2005:

   William Rainer B-93196 D5-245
   44750 60th Street West
   Lancaster, California 93536

This is the address for the California State Prison - Los Angeles County.

1

1   **The May 22 Order was not returned to the Court as undeliverable.**

2   **On August 18, 2006, the United States Magistrate Judge**
3   **recommended that the action be dismissed because of Plaintiff's**
4   **failure to comply with the May 22 Order as well as for the**
5   **reasons dismissing the Complaint set forth in the May 22 Order.**

6   **No objections by Plaintiff were shown on the docket.  By**
7   **Order filed on September 18, 2006, the recommendation was adopted**
8   **and the action dismissed for failure to comply with the May 22**
9   **Order and for failure to state a claim upon which relief can be**
10  **granted.  Judgment for Defendants was entered on September 18,**
11  **2006.**

12  **Plaintiff timely appealed to the Ninth Circuit.  The Ninth**
13  **Circuit vacated the dismissal and remanded the action for further**
14  **proceedings, holding in pertinent part:**

> **The district court abused its discretion when**
> **it dismissed RAINER's action for failure to**
> **timely file an amended complaint without**
> **considering Rainer's objections to the**
> **magistrate judge's findings and**
> **recommendation ... Ranier contends that his**
> **objections were timely under the 'prison**
> **mailbox rule.'  *See Huizar v. Carey*, 273 F.3d**
> **1220, 1223 (9th Cir.2001)(rule set forth in**
> ***Houston v. Lack*, 487 U.S. 266, 270 (1988),**
> **applies even where a prisoner's petition is**
> **never filed by the court).  Moreover, Rainer**
> **attached documents such as prison mail logs**
> **to his opening brief.  We vacate and remand**
> **to give the district court an opportunity to**
> **consider these contentions and documents ....**

**Further investigation by the Clerk's Office for the United**
**States District Court, Eastern District of California,**
**establishes that Plaintiff's objections to the August 18, 2006**

2

recommendation were received by the Clerk's Office on September 18, 2006.  For reasons not apparent in the record, the objections were not scanned and docketed.  The objections were never seen by the District Judge.  The Court was not aware of the objections at the time the action was dismissed.

Pursuant to the Ninth Circuit's remand, Plaintiff's objections to the findings and recommendation are considered and *de novo* review is conducted.

Plaintiff asserts that he did not timely comply with the May 22 Order because he was transferred from the California State Prison - Los Angeles County to the California Correctional in Tehachapi, California on April 14, 2006.  Plaintiff acknowledges that he *never* filed a Notice of Change of Address with the Court as required by Rule 83-183(b), Local Rules of Practice, and the First Informational Order filed on May 17, 2004.  The First Informational Order specifically states:

> 10.  A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised of his or her address.  If a plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice.  See Local Rule 83-182(d) [now Local Rule 83-182(f)].  If mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the court will not attempt to re-mail it.  <u>If the address is not updated within sixth days of the mail being returned, the action will be dismissed for failure to prosecute</u>.  See Local Rule 83-183(b).

Nonetheless, Plaintiff contends that his failure to comply with the Local Rules and the First Informational Order should be

3

excused because prison officials at California State Prison - Los Angeles County failed to forward the May 22 Order to him.[1]

Plaintiff's assertion is substantiated by the prison mail logs attached as exhibits to Plaintiff's Ninth Circuit brief. These mail logs, apparently maintained by CCI Tehachapi, do not show receipt of mail by Plaintiff on or after May 22, 2006.

15 CCR § 3147(a)(8) provides:

> Forwarding Mail.  Mail received for an inmate who has been transferred from the facility where the mail is received will be immediately forwarded to the facility, administrative office or agency to whom the inmate's custody has been relinquished, except as otherwise stated in this section.
>
> (A) Temporary Absence.  Mail will be held for an inmate who is temporarily away from the facility when the inmate's return is anticipated within one week.
>
> (B) Address Unknown.  Mail addressed to an inmate who has been

---

[1] Plaintiff further asserts that the prison officials failed to forward to him the "order of the 12th day of June 2006."  No orders or any other court document were filed in this case in June 2006.  An order was filed on June 6, 2006 in *Rainer v. Calderon*, No. CV-F-04-5545 LJO/DLB.  That order was served by mail on Plaintiff at the Lancaster address and not returned to the Court.  Attached to Plaintiff's brief filed in the Ninth Circuit is a copy of an envelope from this Court postmarked June 6, 2006.  On the envelope is a Santa Clarita postmark of June 13, 2006 with the address:

```
CCI
P.O. Box 1031
End of Highway 202
Tehachapi, CA 93561
```

It is inferrable from this exhibit that the June 6, 2006 Order issued in No. CV-F-04-5545 was in fact forwarded by the Lancaster facility to the Tehachapi facility.

4

>      transferred or released, will not be returned
>      to the sender as 'addressee unknown' unless
>      the individual has been discharged from
>      department jurisdiction.
>
>      **(C) Means of Forwarding.** First
>      class mail will be forwarded directly via the
>      U.S. Postal Service ....
>
>      **(D) Length of Forwarding** ... First
>      class mail will continue to be forwarded as
>      long as the addressee remains under the
>      jurisdiction of the department, or their
>      address is known or can be determined.
>
>      **(E) Change of Address.** Change of
>      address notice cards will be issued upon
>      request to inmates who are scheduled for
>      transfer or release or who are new arrivals
>      at the facility. Inmates are responsible for
>      notifying their correspondents ... of any
>      change of address.

Because it appears that the failure of Plaintiff to receive the May 22 Order was caused in part by the failure of prison officials at the Lancaster facility to forward that Order to Plaintiff at the Tehachapi facility, the Court concludes that Plaintiff's failure to timely file the Amended Complaint is excused and that dismissal of the action for failure to comply with a court order is unwarranted. Plaintiff is again reminded that it is his responsibility to advise the Court of a change in his address for service by filing a Notice of Change of Address in each case. If Plaintiff had complied with this obligation, his mail would have been re-addressed and this dispute would not have occurred. Plaintiff is reminded that his failure to comply with the Local Rule and the First Informational Order may result in dismissal of this action.

  **The Judgment of dismissal entered on September 18, 2006 is VACATED pursuant to Ninth Circuit remand.**

  **The Clerk of the Court is ordered to re-serve Plaintiff with the May 22, 2006 Order.  Plaintiff shall file an Amended Complaint in compliance with that Order within 30 days of service of the May 22, 2006 Order.  Failure to timely comply will result in dismissal of this action.**

IT IS SO ORDERED.

**Dated:   September 17, 2007**　　　　　　　/s/ Oliver W. Wanger
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE